LoBello Law Offices LLC
C. Conrad LoBello, NBN 5052
1785 East Sahara Ave., Ste. 157
Las Vegas, Nevada 89104
Telephone: (702) 733-2800
Facsimile: (702) 425-9883
clobello@lobellolawlv.com

Gallian Welker & Associates, L.C.
Michael I. Welker, NBN 7950
Nathan E. Lawrence, NBN 15060
730 Las Vegas Blvd. S., Ste. 104
Las Vegas, Nevada 89101
Telephone: (702) 892-3500
Facsimile: (702) 386-1946
welker@utahcase.com
nlawrence@vegascase.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHARON STOLTZFUS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY, an Indiana insurance company; BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC, an Indiana limited liability company; and ROE BUSINESS ENTITIES I to X, inclusive; collectively,<br><br>Defendants. | Case No.: 2:23-cv-01100<br><br>**REVISED[1] [PROPOSED] JOINT CONFERENCE REPORT UNDER RULE 26(f) AND STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

---

[1] Revisions to the original Joint Conference Report Under Rule 26(f) and Stipulated Discovery Plan and Scheduling Order, ECF 6, are in bold.

Plaintiff SHARON STOLTZFUS, by and through her attorneys of the law firms of LoBello Law Offices LLC and Gallian Welker & Associates, L.C., and Defendants BROTHERHOOD MUTUAL INSURANCE COMPANY and BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC (collectively, "Defendants"), by and through the law firm of Christian, Kravitz, Dichter, Johnson & Sluga, LLC, hereby submit this Joint Conference Report under Fed. R. Civ. P. Rule 26(f) and Stipulated Discovery Plan and Scheduling Order, Submitted in Compliance with LR 26-1(b).

The instant matter was initiated in this Court by Defendants' Notice of Removal [ECF No. 1] of Eighth Judicial District Court Case No. A-23-872524-C on July 14, 2023, pursuant to 28 U.S.C. § 1332, which prior case was filed on June 16, 2023. Service in Case No. A-23-872524-C was effected on both Defendants on June 30, 2023. Plaintiff did not oppose the Notice of Removal, and Defendants filed their Answer herein on July 14, 2023. *See* ECF No. 3.

On August 2, 2023, pursuant to Fed. R. Civ. P. Rule 26(f) and LR 26-1(a), attorneys C. Conrad LoBello, Esq., on behalf of Plaintiff, and Scott B. Van Alfen, Esq., on behalf of Defendants, communicated regarding preservation and presentation of discovery and a proposed discovery plan. The Parties are not currently aware of any issues about disclosure, discovery, or preservation of electronically stored information. Other than as described herein at paragraph 2, the Parties agree that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule. Subject to reasonable best estimates of time by respective counsel for disposition of the pending motions to dismiss and filing of answers by Defendants, counsel for the Parties hereby submit the following Stipulated Discovery Plan and Scheduling Order:

1) Initial Pre-Trial Disclosure Date, pursuant to Fed. R. Civ. P. Rule 26(a)(1)(C): The parties propose that they shall make their initial disclosures of information required by Fed. R. Civ. P. 26(a)(1) by **Wednesday, September 6, 2023**. No changes need be made to the form or requirements of such disclosures.

2) Areas of Discovery: Discovery will be conducted on all issues including, but not limited to, all claims and defenses within the scope of the pleadings consistent with

the Federal Rules of Civil Procedure and the Local Rules of this District. Discovery, unless otherwise ordered by the Court, shall be limited as follows:

    a. Depositions (fact and expert) Pursuant to Fed. R. Civ. P. 30 – no limit;

    b. Interrogatories Pursuant to Fed. R. Civ. P. 33 – twenty-five (25) per party;

    c. Requests to Produce Pursuant to Fed. R. Civ. P. 34 – forty (40) per party;

    d. Requests for Admissions Pursuant to Fed. R. Civ. P. 36 – forty (40) per party.

3) Discovery Cut-Off Date:  The discovery period is **October 14, 2024**, fifteen (15) months from the date Defendants filed their answer.

**Good cause exists for the requested fifteen (15) month discovery period as the discovery period is based upon several issues in this matter. First, the sheer number of medical providers and doctors with which Plaintiff has treated is significant. While the Defendant does not intend to depose all of them, there are over twenty-three (23) medical doctors and providers, with many of the providers being significant with regard to the claimed injuries. Second, this case involves two separate motor vehicle accidents, one in Las Vegas that occurred in 2017 and a second accident that occurred in Utah in 2018. Defendant will seek discovery regarding prior medical care and treatment and how it relates to the treatment after each of these motor vehicle accidents. Third, because there are two accidents in two different states (Nevada and Utah), there are witnesses that need to testify in different states. Therefore, the depositions of those persons will need to be taken. Finally, the significance of Plaintiff's claim for money damages is such that the fifteen (15) months is necessary to that so that this matter may be in a position to be resolved at the end of the discovery process.**

4) Expert Discovery Cut-Off Date: The discovery period for experts is until **January 14, 2025**, eighteen (18) months from the date Defendants filed their Answer.

5) Deadline for Amending the Pleadings and Adding Parties:  **July 16, 2024.**

This is ninety (90) days before the discovery cut-off date and does not exceed the outside limit LR 26-1(b)(2) presumptively sets of not less than ninety (90) days prior to the close of discovery for filing such motions.

6) Deadline to Disclose Experts and Expert Reports: **August 15, 2024**

    This deadline is sixty (60) days before the discovery cut-off date.

7) Deadline for Rebuttal Experts and Rebuttal Expert Reports: **September 14, 2024**

    This deadline is thirty (30) days after expert disclosure.

8) Deadline for Dispositive Motions: **February 13, 2025**

    This is thirty (30) days after the discovery cut-off date and does not exceed the outside limit of thirty (30) days following the discovery cut-off date that LR 26-1(b)(4) presumptively sets for filing dispositive motions.

9) Deadline for Joint Pretrial Order: **March 11, ~~2024~~ 2025.** This is thirty-one (31) days after the dispositive motion deadline. If any dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty (30) days after the Court renders a decision on the dispositive motions or enters further Court order. The disclosures required by Fed. R. Civ. P. Rule 26(a)(3) and any objections to them must be included in the joint pretrial order.

10) Trial Readiness and Length: This case should be ready for trial by **May 5, 2025**. It is anticipated that a jury trial will last ten (10) days.

11) Settlement: The parties have not discussed settlement at this time.

12) Alternative Dispute Resolution: With regard to alternative dispute resolution processes including mediation and arbitration, the Parties do not believe arbitration, mediation, or early neutral evaluation to be appropriate at this time but remain willing to discuss the possibility throughout the duration of litigation.

13) Alternative Forms of Case Disposition: With regard to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. Rule 73 or the use of the Short Trial Program (General Order 2013-01), the Parties do not consent to trial by a magistrate judge or the use of the Short Trial Program.

14) Evidence by Electronic Format: Discovery of electronically stored information shall be handled pursuant to the Federal Rules of Civil Procedure. Counsel for the parties certify that they are in agreement that evidence may be presented in electronic format to jurors for the purposes of jury deliberations. The Parties currently have no stipulations regarding such evidence.

15) Later Appearing Parties: A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) dayso ftheir first appearance. This discovery plan and scheduling order shall apply to such later appearing parties, inless a stipulation of the parties is approved by the Cour or the Court, on motion for good cause, orders otheriwise.

16) Extensions or Modifications of the Discovery Plan and Scheduling Order: Pursuant to LR 26-3, a motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order, must in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension; be received by the court no later than twenty-one (21) days before the expiration of the subject deadline; and any request within twenty-one (21) days of the subject deadline must be supported by a showing of good cause. Any request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation to extend a discovery deadline or to reopen discovery mut include:

///
///
///
///
///
///
///

      a.   A statement specifying the discovery completed;

      b.   A specific description of the discovery that remains to be completed;

      c.   The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

      d.   A proposed schedule for completing all remaining discovery.

**IT IS SO STIPULATED.**

DATED this 2nd day of August 2023.

LOBELLO LAW OFFICES LLC

/s/ Charles C. LoBello
_____
Charles C. LoBello, NBN 5052
1785 East Sahara Ave., Ste. 157
Las Vegas, Nevada 89104
Telephone: (702) 733-2800
Facsimile: (702) 425-9883
clobello@lobellolawlv.com
GALLIAN WELKER & ASSOCIATES, L.C.
Michael I. Welker, NBN 7950
Nathan E. Lawrence, NBN 15060
730 Las Vegas Blvd. S., Ste. 104
Las Vegas, Nevada 89101
Telephone: (702) 892-3500
Facsimile: (702) 386-1946
welker@utahcase.com
nlawrence@vegascase.com
*Attorneys for Plaintiff*

DATED this 2nd day of August 2023.

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC

/s/ Scott B. Van Alfen
_____
Tyler J. Watson, NBN 11735
Scott B. Van Alfen, NBN 5532
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
*Attorneys for Defendant BROTHERHOOD MUTUAL INSURANCE COMPANY and BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC*

**IT IS SO ORDERED.**

DATED: _August 14, 2023___

_____
UNITED STATES MAGISTRATE JUDGE

# Charles LoBello

| | |
|---|---|
| **From:** | Scott Van Alfen <SVanAlfen@ksjattorneys.com> |
| **Sent:** | Thursday, August 10, 2023 9:03 AM |
| **To:** | Charles LoBello |
| **Cc:** | Mike Welker |
| **Subject:** | RE: Stoltzfus adv. Brotherhood Insurance |

Charles,

I reviewed Paragraph 3 of the Revised Discovery Plan and Scheduling Order, and am in agreement with the revisions of paragraph 3.

You can go ahead and apply my electronic signature and   le the document

Thanks

Sco Van Alfen

---

**From:** Charles LoBello <clobello@lobellolawlv.com>
**Sent:** Thursday, August 10, 2023 8:56 AM
**To:** Scott Van Alfen <SVanAlfen@ksjattorneys.com>
**Cc:** Mike Welker <welker@utahcase.com>
**Subject:** RE: Stoltzfus adv. Brotherhood Insurance

Scott,

Please see attached Revised Discovery Plan and Scheduling Order and advise as to whether I may affix your electronic signature.

*C. Conrad LoBello, Esq.*

**LOBELLO LAW OFFICES**

1785 E. Sahara Ave., Suite 157
Las Vegas, Nevada 89104
Tel. (702) 733-2800
Fax (702) 425-9883
Email: clobello@lobellolawlv.com

PERSONAL AND CONFIDENTIAL: This message originates from LoBello Law Offices, LLC. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express only the view of the sender and are not attributable to LoBello Law Offices, LLC.