LoBello Law Offices LLC
Charles C. LoBello, NBN 5052
1785 East Sahara Ave., Ste. 157
Las Vegas, Nevada 89104
Telephone: (702) 733-2800
Facsimile: (702) 425-9883
clobello@lobellolawlv.com

Gallian Welker & Associates, L.C.
Michael I. Welker, NBN 7950
Nathan E. Lawrence, NBN 15060
730 Las Vegas Blvd. S., Ste. 104
Las Vegas, Nevada 89101
Telephone: (702) 892-3500
Facsimile: (702) 386-1946
welker@utahcase.com
nlawrence@vegascase.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHARON STOLTZFUS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY, an Indiana insurance company; BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC, an Indiana limited liability company; and ROE BUSINESS ENTITIES I to X, inclusive; collectively,<br><br>Defendants. | Case No.:   2:23-cv-01100-CDS-BNW<br><br>**STIPULATION AND ORDER TO EXTEND THE DISCOVERY DEADLINES**<br><br>**(First Request)** |

Pursuant to Fed. R. Civ. P. ("FRCP") 6(b)(1) and Local Rules IA 6-1, IA 6-2, and 26-3, Plaintiff SHARON STOLTZFUS ("Plaintiff" or "Mrs. Stoltzfus"), by and through her attorneys of the law firms of LoBello Law Offices LLC and Gallian Welker & Associates, L.C., and Defendants BROTHERHOOD MUTUAL INSURANCE COMPANY and

BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC (collectively, "Defendants"), by and through their counsel, CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC, hereby submit this Stipulation and Order to Extend the Discovery Deadlines.

This is the first stipulation to extend the discovery deadline, and this stipulation is presented to the Court in advance of the currently calendared close of discovery on October 14, 2024. For the foregoing reasons and as is more fully explained below, the Parties stipulate to and respectfully request that this Court extend the discovery and associated deadlines in this matter.

## I. PROCEDURAL HISTORY

1. On June 16, 2023, Plaintiff initiated this action by filing her Complaint under the Eighth Judicial District, Clark County, State of Nevada Case No. Case No. A-23-872524-C.

2. On July 14, 2023, Defendant filed a Notice of Removal [ECF No. 1] of Case No. A-23-872524-C from the Eighth Judicial District, Clark County, State Court of Nevada, to the United States District Court, for the District of Nevada, pursuant to 28 U.S.C. §§ 1332(d) and 1441.

3. On August 3, 2023, Plaintiff filed a Stipulated Discovery Plan and Scheduling Order [ECF No. 6], as later amended on August 11, 2023 [ECF No. 8] to which was granted on August 14, 2023 [ECF. No. 9], and the parties thereafter exchanged initial disclosures.

4. On February 5, 2024, Defendant filed a Stipulation and Order to Dismiss Defendant without Prejudice (Brotherhood Mutual Insurance Services, LLC [ECF. No. 14].

5. On April 25, 2024, Defendant submitted a Stipulated Protective Order [ECF No. 17] pursuant to Federal Rule of Civil Procedure 26(c), following which the Court granted on April 26, 2024 [ECF No. 18].

## II. LEGAL STANDARD

Fed. R. Civ. P. Rule 6(b)(1) governs extensions of time and allows, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may

always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of [FRCP 6].  *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).  Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect.  LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### III.   ARGUMENT

#### A.   The Four Factors Contained Within LR 26-3 Are Satisfied, and the Parties Show Good Cause for Modifying the Scheduling Order.

##### 1.   Discovery Completed to Date:

Pursuant to FRCP 26(a)(1), Plaintiff and Defendant exchanged their respective initial disclosures of persons likely to have discoverable information; documents, electronically stored information, and tangible things; computation of damages, and applicable insurance coverage. Plaintiff and Defendant have each supplemented their FRCP 26 disclosures as required over the course of the intervening months.

**2. Discovery Remaining:**

The deposition of the primary claims adjuster of the claim at issue is tentatively scheduled for September 25, 2024. The deposition of the adjuster's supervisor may be needed in early October, depending on the testimony of the adjuster. Expert disclosures and depositions will follow thereafter.

**3. Reasons Why Deadline Will Not Be Satisfied or Remaining Discovery Cannot Be Completed Within Current Time Limits:**

The parties are working cooperatively to complete discovery and schedule depositions of witnesses. The time to effectively and fully complete this process will exceed the currently allowed time inasmuch as multiple attempts to schedule and take the deposition of the primary adjuster since June have been unsuccessful due to scheduling conflicts. The deposition is needed for evaluation by the experts before final articulation of their opinions. Hence the parties propose a 60-day extension of the current discovery deadline and of the current expert disclosure deadline so that all pertinent information is available for the experts before their disclosures are due.

Both Plaintiff and Defendant continue to diligently prosecute and defend this action, respectively, and believe it is in the interests of justice that this stipulation is granted. Neither party will be prejudiced by this extension of the various deadlines. Indeed, the proposed amended schedule does not change the parties' trial readiness date.

**4. roposed Schedule for Completing Remaining Discovery:**

| Event | Current Deadlines | Proposed New Deadlines |
|---|---|---|
| Deadline to Disclose Experts | August 15, 2024 | **October 14, 2024** |
| Deadline for Rebuttal Experts | September 14, 2024 | **November 15, 2024** |
| Discovery Cutoff | October 14, 2024 | **December 13, 2024** |
| Expert Discovery Cutoff | January 14, 2025 | **February 28, 2025** |
| Dispositive Motion Deadline | February 13, 2025 | **March 14, 2025** |
| Joint Pretrial Order Deadline | March 11, 2025 | **April 11, 2025 *** |

\* In the event a dispositive motion is under review on April 11, 2025, the Joint Pre-Trial Order shall be due no later than 30 days after entry of the Court's order ruling on same.

All other discovery dates not referenced herein, as well as the trial readiness date in May 2025, remain unchanged.

**IT IS SO STIPULATED.**

DATED this 12th day of August 2024.                    DATED this 12th day of August 2024.

**GALLIAN WELKER & ASSOCIATES, L.C.**          **CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC**

_____                    /s/ Scott B. Van Alfen
GALLIAN WELKER & ASSOCIATES, L.C.              Tyler J. Watson, NBN 11735
Michael I. Welker, NBN 7950                             Scott B. Van Alfen, NBN 5532
Nathan E. Lawrence, NBN 15060                       8985 So. Eastern Avenue, Suite 200
730 Las Vegas Blvd. S., Ste. 104                         Las Vegas, Nevada 89123
Las Vegas, Nevada 89101                                   Telephone: (702) 362-6666
Telephone: (702) 892-3500                                Facsimile: (702) 362-2203
Facsimile: (702) 386-1946                                 *Attorneys for Defendant*
welker@utahcase.com                                        *BROTHERHOOD MUTUAL*
nlawrence@vegascase.com                                *INSURANCE COMPANY and*
*Attorneys for Plaintiff*                                        *BROTHERHOOD MUTUAL*
                                                                          *INSURANCE SERVICES, LLC*
LOBELLO LAW OFFICES LLC
Charles C. LoBello, NBN 5052
1785 East Sahara Ave., Ste. 157
Las Vegas, Nevada 89104
Telephone: (702) 733-2800
Facsimile: (702) 425-9883
clobello@lobellolawlv.com
*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

DATED: __August 13, 2024__

_____
UNITED STATES MAGISTRATE JUDGE